UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERWIN-WILLIAMS COMPANY, | No. C-14-02292 DMR |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS [DOCKET NO. 16]** |
| v. | |
| HENRY ET AL, | |
| Defendant(s). | |

Plaintiff Sherwin-Williams Company ("Sherwin-Williams") moves to dismiss three counterclaims brought by Defendants-Counterclaimants Superior Automotive Center of San Francisco, Inc. ("Superior") and Jesse Henry (collectively "Defendants"). The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and VACATES the hearing set for August 14, 2014. For the reasons stated below, Sherwin-Williams' motion is granted in part and denied in part.

**I. Background**

Sherwin-Williams filed suit in this Court on May 16, 2014, alleging breach of contract by Superior and Jesse Henry, Superior's owner, whom Sherwin-Williams claims personally guaranteed Superior's performance of the contract. (*See generally* Compl., Ex. A "Guaranty".) Defendants filed a joint answer to the complaint on June 18, 2014, bringing five counterclaims: 1) breach of contract, 2) trespass, 3) fraud, 4) tortious interference with contract, and 5) conversion. (*See*

*generally* Answer/Countercl.) On July 2, 2014, Sherwin-Williams moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims for fraud, tortious interference, and conversion, alleging that Defendants had failed to state a claim on which relief could be granted.[1]

The parties' dispute arises out of an exclusive supply agreement between Sherwin-Williams and Superior for automotive paint and coating products. (Compl. ¶ 6.) Sherwin-Williams states that the agreement went into effect on June 1, 2008, and was to last until net sales reached $550,000. (Compl. ¶ 6.) It claims that Defendants breached the agreement in or around March 2013 by ceasing to buy the specified products exclusively from Sherwin-Williams. (Compl. ¶ 11.) According to Sherwin-Williams, Superior was short of the net sales target by about $130,000 at the time of the breach. (Pl.'s Mot. 2.)

Defendants claim that it was Sherwin-Williams that breached the contract by failing to provide paint supplies at the agreed-upon rate. (Answer/Countercl. ¶¶ 6, 10.) Defendants further claim that in or around August 2013, after the mutually alleged breaches, Sherwin-Williams trespassed on Defendants' property and removed "proprietary software and equipment" belonging to Defendants. (Defs.' Opp'n 3; *see also* Answer/Countercl. ¶¶ 13-15, 20-21.) Defendants state that this act forced them to discontinue business operations. (Def.'s Opp'n 3.) Sherwin-Williams does not directly address the allegation that it removed Defendants' property in its motion, though it does state that it had provided Defendants with various equipment and supplies as part of the parties' agreement. (Pl.'s Mot. 2.)

The parties also disagree about their rights to a payment of $100,000 that Sherwin-Williams made to Defendants at the outset of their contractual relationship. Sherwin-Williams states that the payment represented an advance on the contract. (Pl.'s Mot. 2.) It further states that, according to the terms of the contract, Defendants would be forced to return the advance if Superior ever ceased

---

[1] In its motion to dismiss, Sherwin-Williams outlines the relevant pleading standards under Federal Rule of Civil Procedure 12(b)(6). It does not, however, explain in any detail its contention that Defendants have failed to state claims for fraud, tortious interference with contract, and conversion. In addition, Sherwin-Williams failed to timely file its reply brief, instead filing a reply on August 6, 2014, two weeks after it was due. *See* N.D. Cal. Civ. L.R. 7-3(c) ("[t]he reply to an opposition must be filed and served not more than 7 days after the opposition was due."). As the reply was not timely filed, the court will not consider it.

2

doing business. (Pl.'s Mot. 3.) Given that Superior is no longer in business, Sherwin-Williams claims Defendants are now required to repay the advance. (Pl.'s Mot. 3.)

Defendants offer a different interpretation of the payment. They state that they were party to an exclusive dealing contract with another automotive paint company, Coach Color, when Sherwin-Williams approached them. (Answer/Countercl. ¶ 2.) Defendants state that Sherwin-Williams made the $100,000 payment as an inducement for them to break their contract with Coach Color, with the intention that they would use the funds to cover "any [resulting] legal fees and damages." (Answer/Countercl. ¶ 2.) Defendants contend that this sum was "not to be paid back" to Sherwin-Williams. (Answer/Countercl. ¶ 2.) Neither party attached a copy of any written agreement regarding the $100,000 payment to the complaint or counterclaims.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

There are additional pleading requirements when a plaintiff brings a claim for fraud. The Federal Rules of Civil Procedure require a party alleging fraud to "state with particularity the

1  circumstances constituting fraud or mistake." Federal Rule of Civil Procedure Rule 9(b). Rule 9(b)
2  requires "particularized allegations of the circumstances constituting fraud, including identifying the
3  statements at issue and setting forth what is false or misleading about the statement[s] and why the
4  statements were false or misleading at the time they were made." *In re Rigel Pharm, Inc. Sec. Litig.*,
5  697 F.3d 869, 876 (9th Cir. 2012).

### III.  Discussion

Sherwin-Williams moves to dismiss Defendants' third and fourth counterclaims. The third counterclaim is pled as one claim for "fraud and tortious interference with contract." As fraud and tortious interference with contract are two distinct claims with different elements, the court will analyze the third counterclaim as two separate claims.

#### A.  Fraud Claim

The elements of a fraud claim are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Agosta v. Astor*, 120 Cal. App. 4th 596, 603 (2004). A cause of action may lie for "promissory fraud" where a defendant promises to do something without actually intending to fulfill the promise. *Id.* (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)).

Defendants' fraud claim is not clearly stated, and does not meet the particularity requirement set forth in Rule 9(b). The claim appears to be based upon the allegation that Sherwin-Williams gave Defendants $100,000, representing that it was a non-refundable payment to defray any legal costs that would result from Superior's breach of its contract with Coach Color. However, according to Defendants, Sherwin-Williams had no intention of indemnifying Defendants and instead demanded a refund of the $100,000. (Answer/Countercl. ¶ 2, 17.) As the precise theory underlying Defendants' fraud claim is not clear, the court dismisses this claim with leave to amend.

#### B.  Tortious Interference with Contractual Relations Claim

The elements of a claim for tortious interference with contractual relations are "1) a valid contract between plaintiff and a third party; 2) defendant's knowledge of this contract; 3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship;

4) actual breach or disruption of the contractual relationship; and 5) resulting damage." *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). Under California law, an action for tortious interference with contractual relations generally lies when a third party induces the "party with whom the plaintiff has entered into an agreement . . . to breach it." *Lipman v. Brisbane Elementary Sch. Dist.*, 55 Cal. 2d 224, 232 (1961). Based on the allegations in this case, such a claim would typically be brought on behalf of Coach Color against Sherwin-Williams for its interference with Coach Color's contractual relationship with Defendants. *See Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 994 (1977) (noting that it is well-established "that one who, without a privilege to do so, induces a third person not to perform a contract with another is liable to the other for the harm caused thereby."). This type of claim is not applicable here.

A plaintiff may also bring a tortious interference with contractual relations claim where the plaintiff's performance "has been prevented or rendered more expensive or burdensome and where he has been induced to breach the contract by conduct of the defendant, such as threats of economic reprisals." *Lipman*, 55 Cal. 2d at 232. Here, Defendants have pointed to no such conduct by Sherwin-Williams. They appear to allege that Sherwin-Williams made an offer based on a misrepresentation that lead them to decide to breach their contract with Coach Color, but the decision to breach that contract does not appear to have been made under anything approaching duress. Specifically, Defendants have not alleged that Sherwin-Williams did anything that would have made it more difficult for Defendants to perform under their contract with Coach Color. Therefore, Defendants have failed to state a claim for tortious interference with contractual relations. This claim is dismissed with leave to amend.

    **C.    Conversion Claim**

Conversion is the "wrongful exercise of dominion over the property of another." *Spates v. Dameron Hosp. Ass'n*, 114 Cal. App. 4th 208, 221 (2003). The elements of a conversion claim are: (1) the plaintiff's ownership or right of possession of the property when it was converted; (2) the defendant's conversion of the property; and (3) damages. *Id.* The defendant's conduct must represent a "substantial interference" with the plaintiff's possession—acts of merely interfering with the use of property or damaging it do not constitute conversion. *Zaslow v. Kroenert*, 29 Cal. 2d 541,

551 (1946). Conversion is a strict liability tort; in other words, it does not require any particular intent by the defendant with respect to the conversion. *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). The act constituting conversion, however, must generally be carried out with knowledge or purpose. 5 Witkin, *Summary of California Law* § 713 (10th Ed. 2005).

Here, Defendants have properly pleaded a claim for conversion. They assert that they owned "proprietary software and equipment"; that Sherwin-Williams removed the software and equipment from Superior's premises and put it to its own use; and that Defendants were harmed in that the conversion left them unable to operate their business. (Answer/Countercl. ¶ 21.) Thus, the court finds that Defendants have properly pleaded a claim for conversion.

## IV. Conclusion

For the foregoing reasons, Sherwin-Williams' motion to dismiss is GRANTED with respect to the claims for fraud and tortious interference with contractual relations, and DENIED with respect to the claim for conversion. Defendants are granted leave to amend their counterclaims within seven days of this order.

IT IS SO ORDERED.

Dated: August 8, 2014



DONNA M. RYU
United States Magistrate Judge